### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | | |
|---|---|---|
| LAMONT BUTCHER, | : | CIV. NO. 22-5552 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STEVIE KNIGHT, WARDEN, | : | |
| | : | |
| | : | |
| Respondent | : | |

_____

**IT APPEARING THAT:**

1.      On September 14, 2022, Petitioner Lamont Butcher, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") determination that he was ineligible to apply First Step Act Time Credits ("FSA Time Credits") based on a parole detainer. (Pet., Docket No. 1.)

2.      Respondent was granted several extensions of time to answer the petition.  The last request for an extension of time to answer the petition was filed on January 17, 2023.  (Docket No. 11.)  In that request, Respondent advised that the BOP intended to send Petitioner a consent order, which upon his acceptance, would grant his FSA Time Credits and voluntarily dismiss the habeas petition.  The Court granted Respondent's request for an extension of time, with the answer or other response to the petition due on February 16, 2023.  (Docket No. 12.)

3.      On February 8, 2023, Petitioner filed a motion for disposition and imposition of sanctions.  (Docket No. 13.)  Petitioner sought sanctions (to be awarded

to a charity) for Respondent's failure to timely answer the petition.  Petitioner represented that Respondent had refused to award his FSA Time Credits.  Petitioner, apparently, had not yet received the proposed consent order.

4.      On February, 16, 2023, Respondent filed a letter in lieu of an answer, asserting that the habeas petition is moot, and opposing sanctions in this matter. (Docket No. 14.)  Respondent submits that the petition is moot because on February 6, 2023, the BOP modified BOP Program Statement 5410.01 [1] to remove any references to detainers rendering inmates ineligible to apply time credits.  (Exhibits to Declaration of Christopher Palm,[2] Docket Nos. 14-1 and 14-2.)  Thus, on February 11, 2023, Petitioner's FSA Time Credits were recalculated based on the updated policy.  (Exhibit 1 at ¶ 4.)  BOP applied 365 days of FSA Time Credit toward Petitioner's projected release date, which is the maximum number of credits under the statute that Petitioner can apply toward supervised release. (Docket No. 14-1 at 4, *see also*, 18 U.S.C. § 3624(g)(3)).  Petitioner's projected release date is now January 2, 2024. (Docket No. 14-1 at 4.)

5.      When a habeas petitioner receives the relief sought in their habeas petition, there is no longer a case or controversy, and the petition must be dismissed as moot.  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

6.      Because Petitioner received the maximum allowable FSA Time Credits, and his projected release date is January 2, 2024, Petitioner is not entitled to immediate release.  Petitioner has received all available relief, and his habeas petition

---

[1] Available at https://www.bop.gov/policy/progstat/5410.01_cn.pdf

[2] It appears that, due to an uploading error, the exhibits were filed without the Declaration of Christopher Palm on this Court's case management and electronic case files program, "CM/ECF."

is moot.  The Court denies Petitioner's request for sanctions, and will dismiss the petition as moot.  Respondent, however, must first file the Declaration of Christopher Palm in support of the exhibits to Respondent's letter. (Docket No. 14). The Court will administratively terminate the petition, pending submission of the Palm Declaration, upon receipt of which, the Court will dismiss the petition with prejudice.

IT IS therefore on this **26th day of April 2023**,

**ORDERED** that Respondent shall, within 10 days of the date of entry of this Order; submit the Declaration of Christopher Palm in support of the exhibits attached to Respondent's letter (Docket No. 14); and it is further

**ORDERED** that Petitioner's motion for disposition and sanctions (Docket No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, subject to reopening upon Respondent's submission of the Declaration of Christopher Palm in support of dismissal with prejudice.


s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

2